UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY, | ) |
| | ) |
| | ) Civil Action |
| Plaintiff, | ) |
| | ) No. _____ |
| vs. | ) |
| | ) |
| APPLE INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND JURY CLAIM**

1.     This action arises under the patent laws of the United States, Title 35 of the

United States Code, and relates to U.S. Patent Nos. 7,210,161 ("the '161 patent"); 7,742,084

("the '084 patent"); 7,453,605 ("the '605 patent"); and 7,936,391 ("the '391 patent")

(collectively "the Asserted Patents").

**The Parties**

2.     Plaintiff Eastman Kodak Company ("Kodak") is a New Jersey corporation

with its principal place of business at 343 State Street, Rochester, New York 14650.

3.     Founded in 1880, Kodak has a long history of innovation in photography and

image processing.  Among many other significant inventions, Kodak and its founder, George

Eastman, invented photographic plates in 1879, the hand-held camera in 1888, and roll-up

film in 1883.  Kodak engineers also designed and built the camera that Neil Armstrong used

on the first walk on the moon.

4.     Kodak's innovations have continued in the age of digital photography.  In

1977, Kodak designed and built the first operating digital camera.  Kodak's significant

investment in research and development has resulted in a continuing stream of improvements to digital imaging technology—improvements that have led to a long line of consumer accepted digital imaging products and more than 1,000 Kodak patents in the field of digital imaging, including the Asserted Patents.  Kodak Fellow Kenneth Parulski, a co-inventor of the '161, '084, '605, and '391 patents, has more than 190 patents to his name and is widely recognized as a pioneer in numerous digital camera technologies.

5.     Kodak has invented many of the fundamental innovations used in virtually every digital camera today, including the Bayer color filter array, the first color megapixel sensor, the first effective color preview for a digital camera, the first color consumer digital camera, and the basic digital architecture utilized by nearly every present-day digital camera.

6.     The '161, '084, '605, and '391 patents are from a collection of Kodak patents that arose, in part, out of Kodak engineers' identification of some of the shortcomings of then-existing devices and their vision of a direction for the industry with regard to image transmission.  For example, Kodak engineers recognized that it would be desirable for users to easily share images with friends or relatives directly from their digital cameras instead of first transferring the pictures to their personal computers.

7.     The Defendant is Apple Inc. ("Apple").  Apple is a California corporation having its principle place of business at 1 Infinite Loop, Cupertino, California 95014. Among other things, Apple designs, manufactures, markets and sells electronic devices for capturing and transmitting images such as mobile camera phones, tablets, and other handheld communications devices, including in this District and elsewhere in the United States.

1

**Jurisdiction and Venue**

8.      The personal jurisdiction of this Court over Apple is proper because Apple has committed and is committing acts of infringement in violation of 35 U.S.C. § 271 and has placed and is continuing to place infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of New York, including in this District.  These acts cause injury to Kodak within the District.  Upon information and belief, Apple derives substantial revenue from the sale of infringing products distributed within the District, and/or expects or should reasonably expect its actions to have consequences within the District and derives substantial revenue from interstate and international commerce.  In addition, Apple has, and continues to, knowingly induce infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District, by creating and/or disseminating user manuals for the products with like knowledge and intent, and by warranting the products sold by others within the District.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**First Claim for Relief**

**(Patent Infringement of U.S. Patent No. 7,210,161)**

10.      Kodak is the owner by assignment of the '161 patent, entitled "Automatically Transmitting Images from an Electronic Camera to a Service Provider Using a Network

2

Configuration File," a true copy of which is attached hereto as Exhibit A.  The '161 patent

was duly and legally issued on April 24, 2007.

11.     Apple has infringed and continues to infringe, literally and under the doctrine

of equivalents, the '161 patent, by using, selling and/or offering to sell, within the United

States, and/or by importing into the United States, electronic devices for capturing and

transmitting images such as mobile camera phones, tablets, and other handheld

communications devices, including, but not limited to, the iPad 2, iPhone 3G, iPhone 3GS,

iPhone 4, iPhone 4S, and the iPod touch (4th generation) (the "Accused Devices"), which

embody and/or practice at least claims 5 and 7 of the '161 patent in violation of 35 U.S.C.

§ 271.

12.     Apple has induced, and continues to induce, others to infringe the '161 patent

in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others'

direct infringement of at least claims 5 and 7 of the '161 patent with knowledge or willful

blindness of that infringement, such as, upon information and belief: by contracting for the

distribution of the Accused Devices for infringing sale such as by retail sales outlets, by

marketing and promoting the Accused Devices and their infringing use, by creating and/or

distributing user manuals describing use and operation of the Accused Devices, and by

supplying warranty coverage for the Accused Devices sold in this State and in this District.

13.     Apple has contributorily infringed the '161 patent in violation of 35 U.S.C.

§ 271, by selling within the United States, offering for sale within the United States, and/or

importing components that embody a material part of the inventions described in at least

claims 5 and 7 of the '161 patent, are known by Apple to be especially made or especially

3

adapted for use in infringement of at least claims 5 and 7 of the '161 patent, and are not

staple articles or commodities suitable for substantial, non-infringing use, including the

Accused Devices and non-staple constituent parts of those Accused Devices.

14.     Upon information and belief, Apple is well-aware of Kodak's patent portfolio

in this area, which has been the subject of extensive publicity and press coverage.  Upon

information and belief, from this and other activities, Apple had knowledge of the '161

patent in advance of the filing of this complaint. Moreover, this complaint and an action

simultaneously filed against Apple before the United States International Trade Commission,

provide Apple with further notice of the '161 patent and Apple's infringement thereof.

15.     As a result of Apple's infringement, both directly and indirectly, Kodak has

suffered, and will continue to suffer, substantial damages.  Kodak will also suffer irreparable

harm unless Apple's infringement is enjoined by this Court.

**Second Claim for Relief**

**(Patent Infringement of U.S. Patent No. 7,742,084)**

16.     Kodak is the owner by assignment of the '084 patent, entitled "Network

Configuration File for Automatically Transmitting Images from an Electronic Still Camera,"

a true copy of which is attached hereto as Exhibit B.  The '084 patent was duly and legally

issued on June 22, 2010.

17.     Apple has infringed and continues to infringe, literally and under the doctrine

of equivalents, the '084 patent, by using, selling and/or offering to sell, within the United

States, and/or by importing into the United States, electronic devices for capturing and

transmitting images such as mobile camera phones, tablets, and other handheld

4

communications devices, including, but not limited to, the iPad 2, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, and the iPod touch (4th generation) (the "Accused Devices"), which embody and/or practice at least claims 1, and 7-11 of the '084 patent in violation of 35 U.S.C. § 271.

18.    Apple has induced, and continues to induce, others to infringe the '084 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others' direct infringement of at least claims 1, and 7-11 of the '084 patent with knowledge or willful blindness of that infringement, such as, upon information and belief: by contracting for the distribution of the Accused Devices for infringing sale such as by retail sales outlets, by marketing and promoting the Accused Devices and their infringing use, by creating and/or distributing user manuals describing use and operation of the Accused Devices, and by supplying warranty coverage for the Accused Devices sold in this State and in this District.

19.    Apple has contributorily infringed the '084 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in at least claims 1, and 7-11 of the '084 patent, are known by Apple to be especially made or especially adapted for use in infringement of at least claims 1, and 7-11 of the '084 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Devices and non-staple constituent parts of those Accused Devices.

20.    Upon information and belief, Apple is well-aware of Kodak's patent portfolio in this area, which has been the subject of extensive publicity and press coverage.  Upon information and belief, from this and other activities, Apple had knowledge of the '084

5

patent in advance of the filing of this complaint. Moreover, this complaint and an action simultaneously filed against Apple before the United States International Trade Commission, provide Apple with further notice of the '084 patent and Apple's infringement thereof.

21.     As a result of Apple's infringement, both directly and indirectly, Kodak has suffered, and will continue to suffer, substantial damages.  Kodak will also suffer irreparable harm unless Apple's infringement is enjoined by this Court.

### Third Claim for Relief

### (Patent Infringement for U.S. Patent No. 7,453,605)

22.     Kodak is the owner by assignment of the '605 patent, entitled "Network Configuration File for Automatically Transmitting Images from an Electronic Still Camera," a true copy of which is attached hereto as Exhibit C.  The '605 patent was duly and legally issued on April 24, 2007.

23.     Apple has infringed and continues to infringe, literally and under the doctrine of equivalents, the '605 patent, by using, selling and/or offering to sell, within the United States, and/or by importing into the United States, electronic devices for capturing and transmitting images such as mobile camera phones, tablets, and other handheld communications devices, including, but not limited to, the iPad 2, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, and the iPod touch (4th generation) (the "Accused Devices"), which embody and/or practice at least claims 1, 3-6, 9-13, 16, 17, 19, and 20 of the '605 patent in violation of 35 U.S.C. § 271.

24.     Apple has induced, and continues to induce, others to infringe the '605 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others'

direct infringement of at least claims 1, 3-6, 9-13, 16, 17, 19, and 20 of the '605 patent with knowledge or willful blindness of that infringement, such as, upon information and belief: by contracting for the distribution of the Accused Devices for infringing sale such as by retail sales outlets, by marketing and promoting the Accused Devices and their infringing use, by creating and/or distributing user manuals describing use and operation of the Accused Devices, and by supplying warranty coverage for the Accused Devices sold in this State and in this District.

25.     Apple has contributorily infringed the '605 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in at least claims 1, 3-6, 9-13, 16, 17, 19, and 20 of the '605 patent, are known by Apple to be especially made or especially adapted for use in infringement of at least claims 1, 3-6, 9-13, 16, 17, 19, and 20 of the '605 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Devices and non-staple constituent parts of those Accused Devices.

26.     Upon information and belief, Apple is well-aware of Kodak's patent portfolio in this area, which has been the subject of extensive publicity and press coverage.  Upon information and belief, from this and other activities, Apple had knowledge of the '605 patent in advance of the filing of this complaint. Moreover, this complaint and an action simultaneously filed against Apple before the United States International Trade Commission, provide Apple with further notice of the '605 patent and Apple's infringement thereof.

27.     As a result of Apple's infringement, both directly and indirectly, Kodak has suffered, and will continue to suffer, substantial damages. Kodak will also suffer irreparable harm unless Apple's infringement is enjoined by this Court.

**Fourth Claim for Relief**

**(Patent Infringement for U.S. Patent No. 7,936,391)**

28.     Kodak is the owner by assignment of the '391 patent, entitled "Digital Camera with Communications Interface for Selectively Transmitting Images over a Cellular Phone Network and a Wireless LAN Network to a Destination," a true copy of which is attached hereto as Exhibit D. The '391 patent was duly and legally issued on May 3, 2011.

29.     Apple has infringed and continues to infringe, literally and under the doctrine of equivalents, the '391 patent, by using, selling and/or offering to sell, within the United States, and/or by importing into the United States, electronic devices for capturing and transmitting images such as mobile camera phones, tablets, and other handheld communications devices, including, but not limited to, the iPad 2 (3G enabled), iPhone 3G, iPhone 3GS, iPhone 4, and the iPhone 4S (the "Accused Devices"), which embody and/or practice at least claims 11, 12, 15, 17, and 18 of the '391 patent in violation of 35 U.S.C. § 271.

30.     Apple has induced, and continues to induce, others to infringe the '391 patent in violation of 35 U.S.C § 271, by taking active steps to encourage and facilitate others' direct infringement of at least claims 11, 12, 15, 17, and 18 of the '391 patent with knowledge or willful blindness of that infringement, such as, upon information and belief: by contracting for the distribution of the Accused Devices for infringing sale such as by retail

8

sales outlets, by marketing and promoting the Accused Devices and their infringing use, by creating and/or distributing user manuals describing use and operation of the Accused Devices, and by supplying warranty coverage for the Accused Devices sold in this State and in this District.

31.     Apple has contributorily infringed the '391 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in at least claims 11, 12, 15,17, and 18 of the '391 patent, are known by Apple to be especially made or especially adapted for use in infringement of at least claims 11, 12, 15, 17, and 18 of the '391 patent, and are not staple articles or commodities suitable for substantial, non-infringing use, including the Accused Devices and non-staple constituent parts of those Accused Devices.

32.     Upon information and belief, Apple is well-aware of Kodak's patent portfolio in this area, which has been the subject of extensive publicity and press coverage.  Upon information and belief, from this and other activities, Apple had knowledge of the '391 patent in advance of the filing of this complaint. Moreover, this complaint and an action simultaneously filed against Apple before the United States International Trade Commission, provide Apple with further notice of the '391 patent and Apple's infringement thereof.

33.     As a result of Apple's infringement, both directly and indirectly, Kodak has suffered, and will continue to suffer, substantial damages.  Kodak will also suffer irreparable harm unless Apple's infringement is enjoined by this Court.


WHEREFORE, Kodak requests that the Court:

9

34.     Adjudge that Apple has infringed and continues to infringe the asserted claims of the '161, '084, '605, and '391 patents under 35 U.S.C. §§ 271(a), 271(b) and 271(c);

35.     Preliminarily and permanently enjoin Apple from further infringement of the '161, '084, '605, and '391 patents;

36.     Award Kodak compensatory damages and, if necessary, an accounting of all damages;

37.     Award Kodak enhanced damages of treble its actual damages for willful infringement;

38.     Award Kodak its costs and reasonable experts' fees and attorneys' fees; and

39.     Award Kodak such other relief as the Court deems just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: January 9, 2012

Respectfully submitted,

_____
Paul J. Yesawich, III
Neal L. Slifkin
Laura W. Smalley
HARRIS BEACH PLLC
99 Gamsey Road
Pittsford, NY  14534
(585) 419-8636

Timothy Q. Delaney (*Of Counsel*)
Laura Beth Miller (*Of Counsel*)
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611
(312) 321-4200

10